Argued and submitted March 6, ballot title certified March 20, reconsideration denied by order March 28, 1990

WHITTY,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36920)

788 P2d 452

James N. Gardner, Portland, argued the cause and filed the petition on behalf of petitioner. With him on the petition was Lindsay, Hart, Neil & Weigler, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum on behalf of the respondent. With him on the answering memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

**GILLETTE, J.**

This is an original proceeding to review a ballot title proposed by the Attorney General to the respondent Secretary of State for an initiative measure. Petitioner is an elector dissatisfied with the proposed ballot title. Petitioner has standing to bring this proceeding by virtue of having provided timely written comments to the Secretary of State concerning the proposed ballot title. We certify the ballot proposed by the Attorney General.

The proposed initiative measure, denominated "the Oregon Recycling Act," is a tightly written, four page document which we do not reprint in full here because of its length. The heart of the measure is in section 4(1), which provides:

> "Except as provided in sections 6 and 7 of this Act [relating to certain specialized forms of packaging and to waivers for hardship, respectively], no packager shall use or cause to be used any packaging that is not environmentally sound packaging after December 31, 1992. Each packager shall maintain proof that his or her packaging complies with one or more of the following standards for environmentally sound packaging: (a) reusable: packaging that is used five or more times for the same or a substantially similar use; (b) made of recycled materials: packaging that is composed of recycled material, so that 50 percent or more of the weight of the packaging is recycled material; (c) recyclable: packaging that is being recycled statewide through an effective recycling program; or (d) made of recyclable material: packaging that is composed of a type of material that is being effectively recycled statewide."

"Packaging" under the measure is defined by section 2(6) as "any container or other packaging used to protect, store, contain, transport, display, or sell products." Section 2(5) of the measure defines "packager" very broadly:

> " 'Packager' means: (a) for packaging in which products are placed prior to their entry into Oregon, the first person to receive possession of the product in Oregon for purposes of wholesale or retail sale; (b) for packaging in which products are placed within Oregon prior to retail sale, the person responsible for placing the product in the packaging; and (c) for packaging in which products are placed at the point of retail sale, the retail seller. Packager does not include a retail seller with fewer than ten employees."

The measure also contains, *inter alia,* provisions defining other terms, assigning administration of the overall statutory scheme to the Environmental Quality Commission and the Department of Environmental Quality, setting standards for recyclable materials, prescribing circumstances in which compliance with the measure may be waived, and establishing administrative penalties and other enforcement methods.

On February 5, 1990, the Attorney General certified to the Secretary of State the following ballot title:

"PRODUCT PACKAGING MUST MEET RECYCLING STANDARDS OR RECEIVE HARDSHIP WAIVER

"*QUESTION:* By 1993, shall packaging used in Oregon meet certain recycling goals, unless a hardship waiver is obtained?

"*[SUMMARY]:* Law would govern packaging of products sold retail or wholesale in state. By 1993 such packaging must be: reusable five times for like uses, made of 50% recycled materials, recycled at 15% rate or made of material recycled at 15% rate. Rates for last two goals rise in steps to 60% by 2002. Allows hardship waivers. Retailers must post data on their packaging standards. Creates civil fines. State, citizens may enforce law. Forms advisory panel. Local governments may use stricter standards."

Petitioner asserts that the foregoing ballot title fails to comply with the requirements of ORS 250.035[1] in the following particulars:

"a.  The caption does not reasonably identify the measure's chief subject, which is the imposition of a *ban* in Oregon on all packaging which does not qualify as 'environmentally sound packaging.'

---

[1] ORS 250.035, which deals with the components of a ballot title, provides:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect.

"(2) The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

"b.  The question does not plainly phrase the measure's chief purpose, which is to *ban* from Oregon all packaging which does not qualify as 'environmentally sound packaging.'

"c.  The explanation does not concisely and impartially summarize the major effect of the measure, which is to *ban* from Oregon all packaging which does not qualify as 'environmentally sound packaging.' "

Petition to Review Ballot Title at 2. (Emphasis in original.) Petitioner proposes the following substitute ballot title:

"BANS ALL PACKAGING NOT MEETING
RECYCLING STANDARDS

*"QUESTION:*  Shall all packaging be banned if it does not meet certain recycling standards or obtain a hardship exemption by 1993?

"[*SUMMARY*]:  Bans all packaging of products sold in Oregon if such packaging fails to meet recycling standards. By 1993 packaging must be reusable five times for similar uses, made of 50% recycled materials, recycled at 15% rate or made of material recycled at 15% rate. Rates for last two standards increase in steps to 60% by 2002. Allows hardship exemptions. Retailers must post information on their packaging standards. Creates civil fines; state and citizens enforce law. Creates advisory committee. Local governments may adopt stricter standards."

Petitioner's proposed ballot title differs from that of the Attorney General as to all three portions of the ballot title, *viz.,* the Caption, the Question, and the Summary, but his rationale for changes in all three is the same. We therefore deal with all three together.

Petitioner contends that the measure's goal of ending by 1993 the use of packaging which does not qualify as "environmentally sound packaging" is "the most significant aim or end which [the] measure is designed to bring about." *See Reed v. Roberts,* 304 Or 649, 654, 748 P2d 542 (1987). Therefore, petitioner argues, the word "ban" needs to appear in the three parts of the ballot title to underscore this most significant aim of the measure. The short answer to this contention is that the proposed measure does not "ban" all packaging which does not qualify as "environmentally sound packaging."

The measure requires that all nonexempt packaging must meet one of four standards. It must be reusable, be made of recycled materials, be recyclable, or be made of recyclable materials, all as defined in the measure. What constitutes an acceptable packaging material is in part dependent on how much of the material is recycled at a given time. This method of defining classes of acceptable materials results in material standards that are initially relatively relaxed but later become quite strict.

Moreover, several classes of packaging are exempted: packaging whose elimination would work undue hardship on the general public (section 7 of the proposed measure); packaging which is required by federal law (section 6); packaging for prescribed medicine (section 6); packaging necessary to provide tamper-resistant seals (section 6); and packaging for products to be exported if the packaging is not to be separated from the products before export (section 6). In addition, packaging added by a retail seller who employs fewer than ten employees is not covered by the proposed measure, because such a retail seller is excluded from the definition of "packager" (section 2(5)). Thus, not "all" packaging is "banned." The major premise for petitioner's entire theory is therefore missing, and the balance of his argument fails.

The ballot title certified by the Attorney General to the Secretary of State is certified as written.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this certified ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.