Argued and submitted July 20, ballot title certified August 5, 1993

Janet ARENZ,
*Petitioner,*

*v.*

Phil KEISLING,
Secretary of State of
the State of Oregon,
*Respondent.*

(SC S40317)

855 P2d 1109

Melinda S. Eden, Milton-Freewater, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who timely submitted written comments on the Attorney General's draft ballot title. Therefore, she is entitled to petition this court seeking a different title. ORS 250.085(2).

The Attorney General certified this ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
ALLOWS STATE, LOCAL LAWS BANNING
OBSCENITY, CHILD PORNOGRAPHY

"QUESTION: Shall Oregon constitutional amendment state that free speech guarantee does not prohibit state, local laws banning obscenity, including child pornography?

"SUMMARY: This measure would amend Article I, section 8, part of the state Bill of Rights. That section forbids laws that restrict the right to speak, write, and print freely on any subject. The state Supreme Court has said that this section prohibits laws banning obscenity. The court has not, however, said whether this section permits laws that bar child pornography. The measure would allow state and local laws 'prohibiting obscenity,' expressly including laws that ban 'child pornography.' The measure does not fully define 'obscenity.' "

Under ORS 250.085(4), this court reviews a ballot title certified by the Attorney General for substantial compliance with the requirements of ORS 250.035(1) and ORS 250.039. ORS 250.035(1)(a) requires a ballot title to contain "[a] caption of not more than 10 words which reasonably identifies the subject of the measure." ORS 250.035(1)(b) requires a ballot title to contain "[a] question of not more than 20 words which plainly phrases the chief purpose of the measure." ORS 250.035(1)(c) requires a ballot title to contain "[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.039 directs the Secretary of State to adopt by rule a test of readability; "[t]he ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

Petitioner asserts that the ballot title is defective in three respects. First, petitioner claims that "the use of the

term 'child pornography' is misleading, redundant, and inaccurate" in the Caption, Question, and Summary. Second, petitioner asserts that the Summary argues in favor of the measure by stating that the proposed constitutional amendment would overrule a decision of this court and by "fail[ing] to acknowledge that laws banning child pornography already exist." Third, petitioner states that the ballot title fails the test of readability.

■ Petitioner's first argument is that child pornography is not presently a subset of obscenity. That being so, petitioner reasons, the ballot title misleads by stating in the Caption, Question, and Summary that obscenity includes child pornography.

Petitioner may or may not be correct about the present state of the law. The proposed initiative measure, however, would add to Article, I, section 8, of the Oregon Constitution, a new section, as follows:

> "This section does not prohibit the people, the Legislative Assembly, or any county or city, to the extent permitted under the United States Constitution, from enacting laws prohibiting *obscenity including child pornography*." (Emphasis added.)

The purpose of the ballot title is to describe the proposed measure. The wording of the measure itself makes "child pornography" a "subset" of "obscenity." The measure does not define "child pornography" but does include it within "obscenity" that may be prohibited by law under the measure. The Attorney General's ballot title is not defective for the first reason advanced by petitioner.

■ Petitioner's second argument is that the Summary contains argument in favor of the measure by stating that the proposed constitutional amendment would overrule a decision of this court.[1] The challenged portion of the Summary, however, describes one major effect of the measure and substantially complies with the statutory directive for a ballot title summary.

■ Relatedly, petitioner contends that the failure to mention the existence of laws banning child pornography is

---

[1] *State v. Henry*, 302 Or 510, 525, 732 P2d 9 (1987).

misleading. The Summary substantially complies with the statutory mandate even in the absence of such information. The proposed measure is a constitutional amendment. The *major* effect of that amendment — expressly allowing certain types of laws by the terms of the provision that it adds to the constitution — does not depend on whether those types of laws already exist.

█ Finally, petitioner notes that the draft ballot title does not attain the minimum required level of readability under the Flesch test, set out in OAR 165-14-045 *et seq.* The Attorney General's ballot title achieves a score of about 45.5. Petitioner's proposed replacement ballot title has a score of over 60, which is the minimum acceptable score under the administrative rules.

Petitioner gains the better score primarily by eliminating the word "pornography." For the reasons stated above, we have not removed the word "pornography" from the Caption, Question, and Summary. In *Deras v. Roberts,* 309 Or 250, 260, 785 P2d 1045 (1990), this court stated:

> "Under the Flesch formula, a ballot title must achieve a 'reading ease' score of not less than 60, unless this court can affirmatively find no ballot title could both achieve that score and, at the same time, meet 'the needs of impartiality, conciseness and accuracy.' OAR 165-14-045(2)."

In that case, this court accepted a score of 38.

We conclude that we cannot improve the readability of the Attorney General's ballot title materially without sacrificing the requirements of impartiality, conciseness, and accuracy. The four-syllable words "constitution," "obscenity," "prohibiting," and "pornography" create the readability problem, but they are words commonly used, and they inform voters about this proposed initiative measure.

Ballot title certified.