Argued and submitted September 14, ballot titles certified October 7, 1993

Kevin MANNIX,
Gordon Smith, Robert Iseli,
*Petitioners,*

*v.*

Phil KEISLING,
Secretary of State of the State of Oregon,
*Respondent.*

(SC S40542, S40543)
(Consolidated for Argument and Opinion)
858 P2d 1306

Kelly Clark, Wilsonville, argued the cause and filed the petitions for petitioners.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

These are original proceedings in which petitioners challenge two ballot titles certified by the Attorney General to the Secretary of State.[1] Petitioners are electors who timely submitted written comments on the Attorney General's draft ballot titles. Therefore, they are entitled to petition this court seeking different titles. ORS 250.085(2).

The first proposed ballot measure provides:

"Article I, section 8, of this Constitution shall not be interpreted to prevent the People, the Legislative Assembly, or any City or County from enacting laws regulating or prohibiting obscenity, to the extent permitted by the United States Constitution. For purposes of this section the term 'obscenity' shall have the meaning given it by the United States Supreme Court, and in addition shall also include child pornography."

The Attorney General certified the following Caption, Question, and Summary for the ballot title of that measure:

"AMENDS CONSTITUTION:
NO FREE SPEECH PROTECTION
FOR OBSCENITY, CHILD PORNOGRAPHY

"QUESTION: Shall state constitution say that free speech clause may not be read to ban laws against obscenity, including child pornography?

"SUMMARY: This constitutional amendment concerns the meaning of Article I, section 8, the state constitution's free speech guarantee. The state supreme court has said that section bans laws against obscenity, but has not said whether it bans laws against child pornography. The measure prevents reading that section to ban state and local laws against obscenity, to the extent the United States Constitution allows such laws. The measure defines 'obscenity' to have the meaning given by the United States Supreme Court, and also to include child pornography."

Petitioners challenge the certified Caption, Question, and Summary.

The second proposed ballot measure provides:

---

[1] We have consolidated the two cases for the purposes of argument and opinion, because they are related.

"Article I, section 8, of this Constitution shall not be interpreted to prevent the People, the Legislative Assembly, or any City or County from enacting laws regulating or prohibiting obscenity, to the extent permitted by the United States Constitution. For purposes of this section the term 'obscenity' shall have the meaning given it by the United States Supreme Court."

The Attorney General certified the following Caption, Question, and Summary for the ballot title of that measure:

"AMENDS CONSTITUTION:
FREE SPEECH CLAUSE ALLOWS
LAWS REGULATING, PROHIBITING OBSCENITY

"QUESTION:   Shall state constitution bar interpreting free speech clause to prevent state, local governments from enacting laws regulating or prohibiting obscenity?

"This measure would add a new provision to the Oregon Constitution. Article I, section 8 forbids laws that restrict the right to speak, write, and print freely on any subject. The state supreme court has said that this section bars laws against obscenity. The measure would say that this section cannot be interpreted to prevent state or local governments from enacting laws regulating or prohibiting obscenity, to the extent the United States Constitution allows such laws. 'Obscenity' has the meaning given by the United States Supreme Court."

With respect to the second measure, petitioners challenge only the certified Question and Summary.

The Attorney General responds that the challenged portions of the two ballot titles "substantially comply" with the requirements established in ORS 250.035(1).[2] *See* ORS 250.085(4) (court shall review a ballot title for "substantial compliance" with the requirements of ORS 250.035 and ORS

---

[2] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

250.039, the provision establishing readability requirements).[3]

In addition, the Attorney General contends that the Question and Summary certified for the second measure cannot be modified in the manner proposed by petitioners, because ORS 250.035(2) prohibits the use of ballot titles that "resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election." Petitioners counter that the two measures are very similar and that ORS 250.035(2) does not prohibit the use of similar ballot titles in that circumstance. They assert that, to the contrary, where two proposed measures are very similar, ORS 250.035(2) prohibits the use of *dissimilar* ballot titles, because that would "probably * * * create confusion" in the minds of voters.

ORS 250.035(2) states that a ballot title *"shall not resemble * * ** any title previously filed for a measure to be submitted at that election." (Emphasis added.) The word "resemble" means "to be like or similar to." Webster's Third New International Dictionary 1930 (unabridged ed 1976). The statutory proscription apparently is intended to avoid the creation of "confusion" between or among the respective ballot measures to which the ballot titles apply. ORS 250.035(2).

Petitioners contend for the opposite rule; they would have the statute require that a ballot title *shall resemble* the title previously filed for a measure to be submitted at that election if the measures are very similar. The statute does not state or necessarily imply the rule for which petitioners contend, however. *See* ORS 174.010 (in construing a statute, the court is "not to insert what has been omitted").

We recognize that the two ballot measures proposed by petitioners are very similar. Nevertheless, they differ in one significant particular: the use, in the first proposed measure, of the phrase "and in addition shall also include child pornography." As applied here, therefore, ORS 250.035(2) requires the Attorney General to certify a ballot title for

---

[3] Petitioners do not argue that the ballot titles fail to comply with ORS 250.039. Accordingly, we do not consider the ballot titles' compliance with that statute.

petitioners' second proposed measure that does "not resemble" the ballot title certified for their first proposed measure. The Attorney General has substantially complied with that provision. *See* ORS 250.085(4) (requiring substantial compliance).[4] For example, the Caption for the first measure reads: "AMENDS CONSTITUTION: NO FREE SPEECH PROTECTION FOR OBSCENITY, CHILD PORNOGRAPHY." The Caption for the second measure, which reads, "AMENDS CONSTITUTION: FREE SPEECH CLAUSE ALLOWS LAWS REGULATING, PROHIBITING OBSCENITY," is sufficiently dissimilar to avoid confusion between the two measures in the minds of voters. The Questions closely track the Captions and likewise are dissimilar.

We also have considered all of petitioners' specific arguments concerning each ballot title, standing alone. We conclude that each ballot title substantially complies with the requirements of ORS 250.035(1).

Ballot titles certified. This decision shall become effective pursuant to ORAP 11.30(10).

---

[4] *See also Crumpton v. Keisling*, 317 Or 322, 855 P2d 1107 (1993) (court's role is not to determine whether a petitioner's proposed ballot title is "better" than the certified ballot title, but only to determine whether the certified ballot title substantially complies with ORS 250.035; certified ballot title substantially complied with ORS 250.035(1); because petitioners did not give notice to Secretary of State of certified ballot title's alleged failure to comply with ORS 250.035(2), court did not reach that question).