Argued and submitted October 10, 1995, ballot title certified July 5, 1996

Kevin L. MANNIX
and Susan M. Marshall,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent,*

*and*

Tom HULL,
Debbie Garman and Janet Webster,
*Intervenors.*

(SC S42595)

Henry KANE,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent.*

(S42596)

Tom HULL,
Debbie Garman, and Janet Webster,
*Petitioners,*

*v.*

Theodore KULONGOSKI,
Attorney General, State of Oregon,
*Respondent.*

(S42572)
(Consolidated for Argument)

918 P2d 839

Kevin L. Mannix, Salem, argued the cause and filed the petition *in propria persona* and for petitioner Susan M. Marshall.

Charles F. Hinkle, Portland, argued the cause and filed the petition and memorandum for petitioners/intervenors Tom Hull, Debbie Garman, and Janet Webster.

Henry Kane, petitioner *pro se*, argued the cause and filed the petition.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis,* Graber, and Durham, Justices.

GILLETTE, J.

Fadeley, J., dissented and filed an opinion.

---

\* Unis, J., retired June 30, 1996.

## GILLETTE, J.

These are three original proceedings, consolidated for argument and opinion, in which three separate petitioners or groups of petitioners challenge the ballot title for SJR 41, which was referred to the voters by the legislature. Each petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, each is entitled to seek a different title in this court. ORS 250.085(2). We have considered each of petitioners' arguments concerning the Attorney General's ballot title. We conclude that none demonstrates a failure on the part of the Attorney General to comply substantially with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (establishing this court's standard of review). Accordingly, we certify the Attorney General's ballot title.

The referred measure provides:

"**Be it Resolved by the Legislative Assembly of the State of Oregon:**

"**PARAGRAPH 1.** Section 8, Article I of the Constitution of the State of Oregon, is amended to read:

**Sec. 8.** (1) No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right.[-]

(2) **Obscenity, including child pornography, shall receive no greater protection under this Constitution than afforded by the Constitution of the United States.**

"**PARAGRAPH 2.** The Amendment proposed by this resolution shall be submitted to the people for their approval or rejection at the next regular general election held throughout this state.**"

(Boldface in original.)

In referring SJR 41 to the voters, the legislature created its own ballot title, but the Governor vetoed the act that contained that ballot title. Therefore, the Attorney General

prepared a proposed ballot title pursuant to ORS 250.075[1] and, after the comment period provided by ORS 250.067(1), certified the following ballot title for SJR 41 to the Secretary of State:

"AMENDS CONSTITUTION: OBSCENITY MAY RECEIVE NO GREATER PROTECTION THAN UNDER FEDERAL CONSTITUTION

"RESULT OF 'YES' VOTE: 'Yes' vote limits free speech protection for 'obscenity, including child pornography' to federal constitution's level.

"RESULT OF 'NO' VOTE: 'No' vote retains Oregon Constitution's current right to speak freely on any subject, including obscenity.

"SUMMARY: Amends Oregon Constitution. Oregon Constitution now protects the 'right to speak, write, or print freely on any subject.' The Oregon Supreme Court has held that provision protects obscenity. United States Constitution's free speech provision does not currently protect obscenity. Measure would state that 'obscenity, including child pornography,' may receive no greater protection than under United States Constitution. Measure thus would remove Oregon Constitution's current protection for obscenity. Measure would limit state judges' authority to interpret free speech provision as applied to obscenity, including child pornography."

We shall discuss the parties' various contentions on a petitioner-by-petitioner basis.

---

[1] ORS 250.075 provides:

"(1) When the Legislative Assembly refers a measure to the people, a ballot title for the measure may be prepared by the assembly. The ballot title shall be filed with the Secretary of State when the measure is filed with the Secretary of State.

"(2) If the title is not prepared under subsection (1) of this section, when the measure is filed with the Secretary of State, the secretary shall send two copies of the referred measure to the Attorney General. Not later than the 30th day after the Legislative Assembly adjourns, the Attorney General shall provide a draft ballot title for the measure. The Attorney General shall send a copy of the draft ballot title to each member of the Legislative Assembly, and file with the Secretary of State a copy of the referred measure and the draft ballot title and a certificate of mailing of the draft ballot title to each member."

## PETITIONERS MANNIX AND MARSHALL

Petitioner Mannix was one of the chief sponsors of SJR 41 in the legislature. Petitioner Marshall is a supporter of the measure. They challenge all parts of the Attorney General's certified ballot title.

The ballot title is to contain a Caption of not more than 10 words which "reasonably identifies the subject matter of the state measure." ORS 250.035(2)(a).[2] Petitioners challenged the Attorney General's Caption for omitting the words, "including child pornography," in the Caption. Those words appear in the measure itself, petitioners argue, thus "indicat[ing] the importance of the language." "Additionally," they argue, "because it cannot be assumed that all voters will understand that obscenity includes child pornography, the omission of [that phrase] is misleading."

■■ The foregoing argument ignores the function of the Caption, which is to identify the *subject* of the measure. By its own wording, the *subject* of the measure is "obscenity." True, the measure says that obscenity "includes child pornography," but that very statement demonstrates that child pornography is considered by the draftees to be a *subset* of the larger subject, obscenity. It is not a necessary function of a Caption to list subsets of a measure's subject.

■ Moreover, we note that the wording of the Attorney General's Caption tracks, almost verbatim, the wording of the subsection that would be added to the Oregon Constitution by SJR 41. It is an accurate statement of the subject of the proposed measure. Petitioners' challenge to the Attorney General's Caption is not well taken.

Petitioners Mannix and Marshall next challenge the Attorney General's Statement of Result of "Yes" Vote as "misleading."[3] The Statement tells voters that a "Yes" vote "limits

[2] ORS 250.035 was amended by Or Laws 1995 ch 534, § 1. As pertinent to this case, subsection (1)(a) of *former* ORS 250.035 was renumbered (2)(a), subsection (1)(b) was repealed and replaced by new subsections (2)(b) and (c), and subsection (1)(c) was renumbered (2)(d). The only substantive change was the replacement of the former requirement, under ORS 250.035(1)(b), that the ballot title contain a question of not more than 20 words, an affirmative answer to which would lead to an affirmative vote for the proposed measure, with two 15-word statements designed to inform the voter of the consequences of a "yes" or a "no" vote.

[3] ORS 250.035(2)(b) (enacted as part of Oregon Laws 1995, ch 534, § 1) requires that each ballot title for a state measure contain a "simple and understandable

free speech protection for 'obscenity, including child pornography' to federal constitution's level." Petitioners object to the Statement's use of the term, "free speech." That term, petitioners argue, is inappropriate, because Article I, section 8, of the Oregon Constitution, protects more than "speech"—it protects *expression*.

■ We agree with petitioners' description of the scope of Article I, section 8, but disagree with the conclusions that they draw. This court has, on at least two occasions, approved ballot titles that used the same term in describing the scope of Article I, section 8. *See Mannix v. Keisling*, 317 Or 598, 858 P2d 1306 (1993) (certifying ballot titles for two measures under previous law); *Arenz v. Keisling*, 317 Or 349, 855 P2d 1109 (1993) (same re single measure). The Attorney General asserts—and we agree—that the term "is a simple and familiar term that voters will understand." It represents a useful shorthand for Article I, section 8, that probably is less confusing than would be the term "freedom of expression." At least, petitioners have failed to show that the Attorney General did not comply substantially with applicable law in using the term that he chose.

In the alternative, petitioners argue that the term is not impartial. Petitioners do not explain how that is so, and we do not find the proposition self-evident. If petitioners are concerned (as suggested by the brief of the Attorney General) that the term is *biased*, because "most citizens believe that freedom of speech is a good thing," that problem arises, not out of the Attorney General's ballot title, but out of the nature of the constitutional provision that SJR 41 proposes to amend.

■ Finally, petitioners argue that the use of the word "limits" in the "Yes" Statement is impermissible, because that word implies "a negative rather than a positive statement." We reject that argument. Use of the term is accurate:

---

statement of not more than 15 words that describes the result if the state measure is approved." The statement required by this paragraph shall include either the phrase, "I vote" or "vote yes," or a substantially similar phrase, which may be placed at any point within the statement." Under ORS 250.035(4), the "yes" statement "shall be written so that an affirmative response to the statement corresponds to an affirmative vote on the state measure." This court reviews for substantial compliance with the foregoing requirements.

The measure proposes a new limit on the protection currently afforded to certain forms of expression under Article I, section 8. So understood, it is correct to say that the measure "limits" speech. Petitioners have failed to show that the Attorney General's "Yes" Statement does not comply substantially with ORS 250.035(2)(b).

■ Petitioners Mannix and Marshall next challenge the Attorney General's Statement of Result of "No" Vote as "misleading." That Statement says that a "No" vote "retains Oregon Constitution's current right to speak freely on any subject, including obscenity." This is misleading, petitioners argue, because there are exceptions to the right to speak, as this court noted in *State v. Henry*, 302 Or 510, 732 P2d 9 (1987). Petitioners' point eludes us. The "No" Statement is accurate: Voting "No" leaves Article I, section 8, exactly "as is." The Attorney General's "No" Statement complies substantially with the requirements of ORS 250.035(2)(c).

Finally, ORS 250.035(2)(d) requires that a ballot title contain a summary of not more than 85 words "summarizing the measure and its major effect." Petitioners Mannix and Marshall challenge the Attorney General's Summary as "inaccurate, misleading and not impartial." They maintain that the assertion in the Summary that this court "has held that [Article I, section 8,] protects obscenity" is misleading because, they argue, "obscenity is *not* fully protected from governmental interference in Oregon." (Emphasis in original.) Petitioners' argument is premised on the implied assertion that the Attorney General's certified ballot title states that obscenity is protected "fully" by Article I, section 8. That premise is wrong; therefore, petitioners' argument fails.

Petitioners make two further arguments with respect to the Summary that are based on the same theories that they advanced concerning the Caption and the "Yes" and "No" questions. We answered those arguments in connection with those other parts of the ballot title, and need not repeat the answers here.

■ Finally, petitioners assert that the last sentence of the Summary is misleading. That sentence states that the "[m]easure would limit state judges' authority to interpret free speech provision as applied to obscenity, including child

pornography." That sentence is misleading, petitioners assert, because "a state court's authority to interpret a constitutional provision is always limited by the language of the constitution itself." Such a statement, petitioners argue, is "speculative."

We disagree. The statement is precisely correct in its description of what the measure would do. It would eliminate any possibility that an Oregon judge would hold that such protections of obscenity as might be available under Article I, section 8, are any greater than those available under the First Amendment to the United States Constitution, although the two constitutional provisions have different wording.

We hold that, with respect to the challenges by petitioners Mannix and Marshall, the Summary in the Attorney General's certified ballot title complies substantially with the requirements of ORS 250.035(2)(d). We turn to the challenges mounted by other petitioners.

## PETITIONER KANE

Petitioner Kane is an elector who timely participated in the process for review of the joint ballot title. He challenges all parts of the Attorney General's ballot title. Most of petitioner Kane's arguments are disposed of by what has been said already. We deal here only with his arguments that are dissimilar.

■ Petitioner challenges the Statement of Result of "No" Vote in the Attorney General's certified ballot title on the ground that the Statement fails to notify the voter that the protection afforded to obscenity under Article I, section 8, of the Oregon Constitution, is limited, among other ways, by the possibility that a person who produces obscenity will be held responsible in an action for civil damages for any harm caused thereby. *See Henry*, 302 Or at 514 (suggesting that possibility).

We reject the foregoing argument, because there is no way, given the 15-word limitation on it, that the Statement could both retain the present accurate information that it contains and at the same time include the additional information that petitioner urges that it should contain.

■ Petitioner argues, in the alternative, that the "Yes" vote Statement and the "No" vote Statement, when read together, violate ORS 250.035(3). That statute provides:

> "The statements required by subsection (2)(b) and (c) of this section shall be written so that, to the extent practical, the language of the two statements is parallel."

The wording of that statute—"to the extent practical"— answers petitioner's argument: Given the nature of the proposal before us, it simply is not "practical" to produce two statements that utilize completely parallel wording.

Petitioner also argues that the two Statements are not understandable. We do not agree. Petitioner's challenges to the "Yes" and "No" vote Statements are not well taken.

Petitioner challenges the Summary in the Attorney General's certified ballot title, advancing several arguments. All either are answered fully by our discussion of the challenges made by petitioners Mannix and Marshall or do not merit separate discussion.

## PETITIONERS HULL, GARMAN, AND WEBSTER

Petitioners Hull, Garman, and Webster are three electors who oppose SJR 41. They accept the "No" vote Statement, but challenge all other parts of the Attorney General's certified ballot title.

With respect to the Caption, petitioners argue:

> "Anyone familiar with the political dialogue of this State in recent years knows what this measure is about: it is about the effort to cut back on constitutional protection for speech that the proponents of this measure consider to be obscene. Specifically, it is about the effort to overturn, through constitutional amendment, the decision in *State v. Henry* * * *. Voters are entitled to be told, in the caption itself, that they are being asked to limit free speech protection, and to remove constitutional protection from a class of speech that is now protected."

Based on the foregoing analysis, petitioners assert that this court should adopt one of three alternative Captions, each of which focuses on the impact of the proposed measure on free speech.

■ The difficulty that we have with petitioners' argument is that it does not demonstrate how the Attorney General's Caption is not *also* a permissible way to tell the voter what (to use the wording of the pertinent statute, ORS 250.035(2)(a)), the "subject matter" of the measure is. Thus, assuming that one or another of petitioners' alternative Captions would have been permissible or even "better," there is no basis for holding that the Attorney General committed legal error in adopting the one that he chose.

Petitioners next challenge the Attorney General's "Yes" vote Statement on two grounds. The first ground mirrors their argument with respect to the Caption, and we reject it for the reasons already expressed. The second ground states: "[The Statement] should not make reference to 'child pornography,' for to do so implies that the measure will effect a change in an existing constitutional protection for that kind of material."

■ The proposed measure nowhere contains a definition of "child pornography." We know of no other source that could provide us with the definition of that concept as intended by the drafters of the measure. And, because the "kind of material" embraced by the term "child pornography" is not clear, neither is it clear whether the measure "will effect a change in an existing constitutional protection" for it. Faced with that definitional problem, the Attorney General simply chose to quote the actual wording of the measure. That was a permissible choice. Petitioners' challenge to the Attorney General's Statement is not well taken.[4]

■ Finally, petitioners challenge the Attorney General's Summary on two grounds. First, petitioners argue that the Summary is misleading in that it fails to acknowledge that, in spite of the fact that obscenity is protected expression under Article I, section 8, of the Oregon Constitution, it still is possible for obscenity to be regulated in a variety of ways. *See Henry*, 302 Or at 525; *City of Portland v. Tidyman*, 306 Or 174, 191, 759 P2d 242 (1988) (both so suggesting). The Attorney General declined to speculate—and it would have

---

[4] Petitioners challenge the "No" vote Statement on the same grounds. We reject that challenge for the reason stated.

been speculation—about the scope of permissible regulation of obscenity. Declining to do so was not error.

Second, petitioners challenge the final sentence of the Summary, which we repeat here for convenience: "Measure would limit state judges' authority to interpret free speech provision as applied to obscenity, including child pornography." Petitioners assert that the sentence is under-inclusive and, therefore, misleading, because it fails to note that the limit that the proposed measure would impose on the power of judges is matched by an increase in the power of legislative bodies to "censor" a certain form of expression.

We disagree with petitioners that such a statement must be included in the Summary. Whatever consequences *might* occur if the proposed measure were adopted, the measure patently contains a limitation on the authority of state judges to utilize any authority other than the United States Constitution in considering the constitutionality of laws regulating obscenity. The Attorney General did not err in confining his discussion of the effects of the proposed measure in the Summary to those that would be certain to occur if the measure passed. Petitioners' challenge to the Attorney General's Summary is not well taken.

In summary, we hold that the Attorney General's ballot title substantially complies with the requirements of law.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**FADELEY, J.,** dissenting.

I do not agree that this proposed ballot title should be certified for informational use by the voters.

The ballot title makes erroneous assumptions about what the law of Oregon presently is, in my opinion. That erroneous assumption misinforms voters as to what changes in the Oregon law, if any, this measure would enact. Furthermore, there is no recognition in the title of the substantial difference in wording and purpose of the Oregon Constitution's provision on freedom of speech, expression, and thought compared with those of the federal first amendment.

The proposed ballot title should be modified. *Rooney v. Kulongoski*, 322 Or 15, 902 P2d 1143 (1995); *see Whitty v. Roberts*, 309 Or 448, 788 P2d 452 (1990) (Oregon recycling act petitioner sought to include the word "ban" in ballot title, but the court stated the act did not in fact "ban"); *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 173-74, 777 P2d 406 (1989) ("protects" held misleading, replaced with "allows," because initiative process was already protected).