Argued and submitted June 6, ballot title certified as modified July 13, 1989

**FRED MEYER, INC.,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36157 (Control))

**RLH MANAGEMENT CO.,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36158)

**MELVIN SIMON ASSOCIATES, INC.,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36160)

**CLACKAMAS TOWN CENTER ASSOCIATES,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36168)
(Cases Consolidated)

777 P2d 406

Charles F. Hinkle, Portland, argued the cause and filed the petition and reply memorandum for petitioner Fred Meyer, Inc.

Vernon D. Gleaves, of Gleaves, Swearingen, Larsen & Potter, Eugene, filed the petition for petitioner RLH Management Co. With him on the petition was Jon V. Buerstatte, Eugene.

Sean Donahue, of Ragen, Tremaine, Krieger, Schmeer & Neill, Portland, argued the cause for petitioner Melvin Simon Associates, Inc. With him on the petition and reply memorandum was Duane A. Bosworth, Portland.

Gile R. Downes, of Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland, argued the cause and filed the petition for petitioner Clackamas Town Center Associates.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the caused for respondent. With him on the answering memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Gregory Kafoury, Portland, filed a memorandum on behalf of intervenor Coalition for Petition Rights.

JONES, J.

### JONES, J.

In these original proceedings (consolidated for the purposes of review), petitioners, Fred Meyer, Inc., RLH Management Co., Melvin Simon Associates, Inc., and Clackamas Town Center, challenge a ballot title certified by the Attorney General for an initiative measure that proposes to add the following new section to Article I of the Oregon Constitution:

"SECTION 41. The right of citizens to petition pursuant to section 1, Article IV of the Oregon Constitution, in an orderly fashion, exterior to the pedestrian entrances of buildings, structures and premises open to the public and within the common areas of shopping malls shall not be infringed."

The following ballot title was certified by the Attorney General to the Secretary of State:

"PROTECTS PETITION ACTIVITY AT MALLS AND PREMISES OPEN TO PUBLIC

"Question: Shall constitution protect petitioning for initiative, referendums in shopping mall common areas and outside entrances to premises open to public?

"Explanation: Adds new provision to state constitution. Forbids infringement of citizens' right to petition, pursuant to section 1, article IV of the Oregon Constitution, in an orderly fashion regarding signatures and support for initiative and referendum measures. Protects such petition activity within the common areas of shopping malls and exterior to pedestrian premises open to the public. Includes entrances to private premises and private buildings that are open to the public."

Thereafter, each petitioner sought a different ballot title in this court, pursuant to ORS 250.085(2),[1] contending that the ballot title certified by the Attorney General "does not substantially comply with the requirements of ORS 250.035."

ORS 250.035 provides:

---

[1] ORS 250.085(2) provides:

"Any person dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and 250.039."

"(1)   The ballot title of any measure to be initiated or referred shall consist of:

"(a)   A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b)   A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)   A concise and impartial statement of not more than 85 words summarizing the measure and its major effect.

"(2)   The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

Within the scope of review and the requirements of ORS 250.035, we assess petitioners' arguments concerning the Caption, Question, and Explanation of the ballot title at issue.

## THE CAPTION
### (Subject of the Measure)

■      Petitioners' primary dissatisfaction with the Caption is the use of the word "protects." Petitioners argue that the Caption is not "impartial" and "accurate," ORS 250.039,[2] because it implies that (a) there is an existing unrestrained right to petition on all property, including private property, and (b) such right is in need of protection. Petitioners maintain that the Caption conceals the true impact of the measure by implying that such a right already exists.

Petitioners also claim that the caption is inaccurate because it does not reasonably identify the subject of the measure. ORS 250.035(1)(a). Petitioners assert that by erroneously implying the existence of a right to engage in petition activity at all premises open to the public, the Caption conceals the true impact—and the true subject—of the measure.

The Attorney General, appearing in behalf of the

---

[2] ORS 250.039 provides:

"For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

respondent, Secretary of State, contends that the use of the words "protects petition activity" is accurate whether rights are created or declared, and is not misleading. The Attorney General also argues that the measure would codify and expand the protection of such activity already existing under *Lloyd Corporation v. Whiffen,* 307 Or 674, 773 P2d 1294 (1989). The Attorney General claims that the measure does not declare the existence of a right or create a right, but forbids "infringement" of a presumed existing right.

The test for a caption is whether it reasonably identifies the subject of the measure. ORS 250.035(1)(a). We agree with petitioners that the use of the verb "protects" could, for some voters, be misleading and does not reasonably identify the subject of the measure. "Protect" is defined as "[t]o keep from harm, attack, or injury; to guard." American Heritage Dictionary 1051 (1978). The word "protects" is used with reference to an existing object or concept. The only possible case authority for a right to "petition activity at malls and premises open to the public" is *Lloyd Corporation v. Whiffen, supra,* but that decision does not, in fact, recognize such a right. The holding in *Whiffen* was that the owner of a large regional shopping center may not obtain a court injunction entirely to keep political petitioners off premises generally open to shoppers and by-passers. *Whiffen* clearly does *not* stand for the proposition that there is a "right" to gather petition signatures on *all* "premises open to the public," as the Attorney General's Caption erroneously implies. The Caption does not reasonably identify the subject of the measure because it may lead voters to think that they are simply being asked to confirm the existing state of the law. In fact, the state of the law is in issue and a motivating reason for mounting this initiative effort.

The subject of the measure is to permit the activity, not to protect an existing right. The Caption must reflect that fact, by replacing "protects" with "allows."

## QUESTION
### (Chief Purpose of Measure)

ORS 250.035(1)(b) requires that the Question plainly phrase the measure's "chief purpose." "Chief purpose" means the most significant aim or end which a measure is designed to achieve. *Reed v. Roberts,* 304 Or 649, 654, 748 P2d 542 (1988).

Petitioners argue that the Attorney General's Question does not plainly phrase the chief purpose of the measure.

The Attorney General states that the principal purpose of the measure is to allow petition activity in areas open to the public where that activity has previously not been allowed. As before, in the challenge to the Caption, petitioners correctly argue that "the most significant aim or end" of this proposed constitutional amendment is not to "protect" anything. Rather, it is to create a new constitutional "right" to petition in the specified places.

The precise question for the voters should stand out for the readers. The present use of the word "protect" misleads and obscures that question; thus "protect" should be replaced with "permit."

## EXPLANATION
### (Summary and Major Effect)

■      The Explanation must summarize "the measure and its major effect." ORS 250.035(1)(c). The purpose of the Explanation is to help voters understand what will happen if the measure is approved, and while it may be impossible within the 85-word constraint of ORS 250.035(1)(c) to give specific examples of the actual effects of this measure, the Explanation should nevertheless be worded so that voters will understand the breadth of its impact.

Petitioners correctly claim that the Attorney General's Explanation does not summarize the "major effect" of this measure, because the major effect of the measure is to create a new right to use many kinds of property for initiative and referenda activity. Thus, the Explanation does not comply with ORS 250.035(1)(c). Accordingly, we have modified the second sentence of the Explanation, as well as inserting the word "allows" in place of "protects" in the third sentence. These modifications clarify that the amendment would create a new "right," not protect an old one.

In summary, we certify the following ballot title to the Secretary of State:

### ALLOWS PETITION ACTIVITY AT MALLS AND PREMISES OPEN TO PUBLIC

QUESTION:   Shall constitution permit petitioning for initiatives, referendums in shopping mall common areas and outside entrances to premises open to public?

EXPLANATION: Adds new provision to state constitution. Permits citizens to petition in an orderly fashion, regarding collection of signatures and garnering support for initiative and referendum measures. Allows such petition activity within the common areas of shopping malls and exterior to pedestrian entrances of buildings, structures and premises open to the public. Includes entrances to private premises and private buildings that are open to the public.

Ballot title certified as modified.