Argued and submitted December 13, 1989, ballot title certified as modified
February 27, 1990

# FEENEY,
*Petitioner,*

*v.*

# ROBERTS,
*Respondent.*

## (SC S36673)

787 P2d 485

Charles F. Hinkle, Portland, argued the cause and filed the petition on behalf of petitioner.

Janet Metcalf, Assistant Attorney General, Salem, argued

the cause on behalf of the respondent. With her on the answering memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Linde,* Carson, Jones, Gillette, Van Hoomissen, and Fadeley, Justices.

GILLETTE, J.

.

* Linde, J., retired January 31, 1990.

**GILLETTE, J.**

This is an original proceeding challenging a ballot title for a measure referred to the people by the 1989 legislature. ORS 250.085(2). The measure, Senate Joint Resolution (SJR) 12, authorizes counties and certain special districts to utilize motor vehicle ownership, operation, or use taxes for the purpose of constructing, improving, maintaining, operating, and using highways, roads, streets, and mass transit facilities and vehicles, including light rail facilities and busses. Petitioner, one of the advocates of the measure, submitted comments concerning the Attorney General's earlier, proposed ballot title and therefore is entitled to bring these proceedings. ORS 250.085(2) and (5). Petitioner challenges all three parts of the ballot title, *viz.*, the Caption, the Question, and the Summary. We modify the ballot title to the extent hereafter set out.

SJR 12 provides, in pertinent part, as follows:

"Section 3a, Article IX of the Oregon Constitution, is amended to read:

"* * * * *

"(3)   Counties and special districts established for the purpose of providing public transportation services that levy a tax or excise [on the ownership, operation or use of motor vehicles] * * * may use the revenues obtained from the tax or excise for the construction, reconstruction, improvement, repair, maintenance, operation and use of highways, roads, streets and mass transit facilities and vehicles, including light rail and busses. However, such revenues may be used for mass transit facilities and vehicles only if a majority of the legal voters of the county or district voting on the question approve such use. The Legislative Assembly may require that counties and special districts establish procedures and mechanisms for the expenditure of such revenues on a regional basis.

"(4)   A county or special district shall not levy a tax or excise on the ownership, operation or use of motor vehicles that, by itself or in combination with any other such tax or excise imposed by a county or special district, exceeds any limit established by state law for such a tax or excise."

Thus, the net effect of the measure is to authorize broad usage of motor vehicle taxes by counties and special districts, but to

require prior voter approval if the use is to be for mass transit facilities and vehicles.

The ballot title certified by the Attorney General to the Secretary of State is as follows:

"VOTE ON LOCAL
VEHICLE TAX REVENUES
FOR PUBLIC TRANSIT USES

*"QUESTION:* Shall constitution allow voters of counties, transportation districts to authorize use of local motor vehicle tax revenues for mass transit?

*"EXPLANATION:* Amends state constitution. Allows voters to authorize counties, public transportation districts to use local vehicle tax revenues for mass transit facilities and vehicles, including light rail and busses, in addition to highways, roads and streets. Use of local vehicle tax revenues for mass transit requires majority vote in county or district. Amendment affects only use of revenues from vehicle taxes levied by counties and districts. Taxes subject to limitation by state law. Legislature may require procedures for expenditure of such revenues on regional basis."

A.  *Challenge to Caption*

This court's role in reviewing ballot titles differs slightly, depending on the part of the ballot title being reviewed. *See generally, Reed v. Roberts,* 304 Or 649, 748 P2d 542 (1988). Our review of the Caption focuses on whether the Caption reasonably identifies the subject of the measure, ORS 250.035(1)(a). The Caption is adequate if it substantially complies with this requirement. ORS 250.085(4).

Petitioner contends that the Caption does not reasonably identify the measure's subject matter and that it is misleading, and therefore inaccurate, for two reasons: (1) because the Caption does not make it clear that voters must approve the use of vehicle tax revenues for mass transit in a vote separate from the vote on SJR 12 itself; and (2) because the word "transit" is allegedly too limited in scope.

SJR 12 changes the permissible uses of vehicles taxes levied by counties or public transportation districts. In addition to use for highways, roads and streets, which are at present permitted uses, tax revenues will be available to be used for "mass transit facilities and vehicles," but these latter uses

will be permissible only if specifically authorized by the voters of the county or district. We agree with petitioner that the present ballot title Caption obscures this effect of the measure. In particular, the position of the word "VOTE" makes it difficult to understand what follows.

Petitioner argues for the following Caption:

"ESTABLISHES VOTE ON
LOCAL VEHICLE REVENUES
FOR PUBLIC TRANSPORTATION USES"

This proposed Caption repositions the troublesome introductory word, "VOTE." The substitution of "ESTABLISHES," however, seems to us slightly to overstate the matter. A vote will occur *if* — but only if — the appropriate governing body wishes to use the revenues for one of the enumerated purposes. That may or may not happen. Under such circumstances, we think the word "PERMITS" is preferable.

Petitioner justifies his proposed substitution of the word "TRANSPORTATION" for "TRANSIT" because, he says, "SJR 12 will make it possible for voters to approve expenditures for a great many uses other than 'transit' as that term is normally understood (that is, busses and light rail)." The term in present day usage under Oregon law, petitioner explains, includes such items as transportation services for the elderly and disabled. We are not persuaded by this argument. It seems to us that, while there undoubtedly will be ancillary impact on a variety of specialized transportation services, the principal impact will be on precisely what petitioner says "transit" means, *viz.*, busses and light rail. When one adds to this consideration the fact that the legislature itself used the term "transit" in SJR 12, it is clear that the Attorney General's use of the term is impartial and accurate.

In summary, we find sufficient merit to petitioner's arguments concerning the Caption to require some rewording. Considering all the arguments advanced by the parties, and based on our own review of the referred measure, we conclude that the following Caption should be certified to the Secretary of State:

## "PERMITS USING LOCAL VEHICLE TAXES FOR TRANSIT IF VOTERS APPROVE"

Something has to give in any ten-word effort to encapsulate this measure. In our Caption, the problems we have heretofore identified are eliminated, but a new one is substituted — the word "PUBLIC" is removed, leaving only "TRANSIT." In our view, however, the voter will not misinterpret. "Transit" by now has a time-honored meaning: public transportation by trolley, train, bus, light rail, and the like.

### B.  *Challenge to Question*

The Question must plainly phrase the chief purpose of the measure, ORS 250.035(1)(b), *i.e.,* the "most significant aim or end which [the] measure is designed to bring about." *Reed v. Roberts, supra,* 304 Or at 654. Again, our review is for substantial compliance with this standard. ORS 250.085(4).

Petitioner advances two challenges to the Question. In the first, he once again asserts that the Question "erroneously implies that local voters will be able to authorize the use of local vehicle taxes only for 'mass transit,' as that term is popularly understood," while the actual scope of the measure is more broad. We considered and rejected essentially the same argument concerning the Caption. The legislature itself used the phrase, "mass transit." Whatever other, ancillary effects adoption of SJR 12 may have, its *chief* purpose is to authorize expenditure of motor vehicle taxes for mass transit, as that term is commonly understood.

Petitioner also argues that the verb "decide" should be substituted for the word "authorize." Even petitioner's argument on this point, however, makes it clear that the most the change of verbs would do would be to make the chief purpose of the measure "more" plain, thereby rendering the Question "more" accurate. We have our doubts about even this proposition, but to adopt petitioner's suggested change would in any event be nothing more than "tinkering," not making substantive improvement. That is not our role. The Question certified by the Attorney General complies with ORS 250.035.

## C. *Challenge to Summary*

■        The Summary must "summariz[e] the measure and its major effect." ORS 250.035(1)(c). "The purpose of the [Summary] is to help the voters understand what will happen if the measure is approved, and * * * [it] should * * * be worded so that voters will understand the breadth of its impact." *Fred Meyer, Inc. v. Roberts,* 308 Or 169, 175, 777 P2d 406 (1989).

Petitioner attacks the Summary on some of the same grounds he advanced in his attacks on the other two parts of the ballot title. The arguments are rejected for the reasons already given. Petitioner makes certain arguments, however, which are peculiar to the Summary portion of the ballot title.

Petitioner argues that the Summary is inadequate because it does not tell voters that local taxes already may be used for highways and streets and that SJR 12 will not change this. We disagree. The Summary states that, under the proposed measure, local taxes may be used for mass transit "in addition to highways, roads and streets." Petitioner's Summary would more fully explain: "Current law permits use of local vehicle revenues to meet highway and road needs." We nonetheless conclude that the Attorney General's version, while less explicit, is adequate — fairly read, it indicates the same thing petitioner's proposed language indicates.

Next, petitioner attacks the second sentence of the Attorney General's Summary as "cumbersome and awkward," thereby failing (in his view) the "readability" standard of ORS 250.039 and OAR 165-14-045 *et seq.,* also known as the "Flesch Formula." *See, generally, Deras v. Roberts,* 309 Or 250, 785 P2d 1045 (1990).

The second sentence of the Attorney General's Summary states that the measure:

> "Allows voters to authorize counties, public transportation districts to use local vehicle tax revenues for mass transit facilities and vehicles, including light rail and busses, in addition to highways, roads and streets."

Petitioner would divide this sentence into two sentences, which would read as follows:

"Allows local voters to decide whether counties, public transportation districts can use local vehicle tax revenues for transit facilities, vehicles and services. Current law permits use of local vehicle revenues to meet highway and road needs."

Petitioner's version is cleaner and clearer; that is not disputed. It would result in a better overall score under the Flesch Formula; that is not disputed either. However, lack of dispute as to these two elements does not end the inquiry.

The Attorney General argues that in order to use petitioner's suggested changes the ballot title Summary would lose too much else that is important concerning the measure:

"* * * The [Secretary of State's administrative rules] adopt the Flesch Formula which is based solely on the number of words in a sentence and the number of syllables per word. OAR 165-14-060 - 165-14-075. Short words and short sentences may well be more readable, but they are not necessarily more accurate, especially when multiple syllable words such as 'constitution,' 'legislature,' and 'majority' vote must be used. The second sentence of the explanation is not difficult to understand. [Citation omitted.] The sentence is less 'readable' under the Flesch Formula because it is long, but again there is a tension between the 85 word limit [for an Explanation] and short sentences. Long sentences permit the use of parallel phrases and of other space (or word) saving structures that allow for a maximum of information and thus, for maximum accuracy. The second sentence of the explanation balances accuracy and impartiality with readability."

We agree. Petitioner's simple, expansive proposal is achieved only by leaving out entirely the fact that the legislature may require procedures for expenditure of the taxes collected under the proposal to be proportioned regionally. Petitioner dismisses this last portion of the measure as "purely ministerial" and, therefore, undeserving of mention in the ballot title. The legislature, however, saw fit to include this provision and, to voters who live within regional mass transit districts, the fact that their tax dollars may be proportionally returned to their own part of the regional entity could be very important.

Petitioner has succeeded only in showing that he would have written a different Summary. He has not persuaded us that the Attorney General's Summary does not substantially comply with ORS 250.035.

In summary, we certify the following ballot title to the Secretary of State:

### "PERMITS USING LOCAL VEHICLE TAXES FOR TRANSIT IF VOTERS APPROVE

*"QUESTION:* Shall constitution allow voters of counties, transportation districts to authorize use of local motor vehicle tax revenues for mass transit?

*"SUMMARY:* Amends state constitution. Allows voters to authorize counties, public transportation districts to use local vehicle tax revenues for mass transit facilities and vehicles, including light rail and busses, in addition to highways, roads and streets. Use of local vehicle tax revenues for mass transit requires majority vote in county or district. Amendment affects only use of revenues from vehicle taxes levied by counties and districts. Taxes subject to limitation by state law. Legislature may require procedures for expenditure of such revenues on regional basis."

Ballot title certified as modified.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this certified ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.