Argued and submitted May 13, ballot title certified as modified May 25, 1994

Robert CRUMPTON,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General,
State of Oregon,
*Respondent.*

(SC S41272)

873 P2d 314

Paul B. Gamson, of Bennett & Hartman, Portland, argued the cause for petitioner. With him on the petition was James S. Coon, of Royce, Swanson, Thomas & Coon, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Durham, Justices.

CARSON, C. J.

## CARSON, C. J.

This original proceeding is a challenge to a ballot title certified by the Attorney General for a proposed initiative measure. Petitioner is an elector who timely submitted written comments about the Attorney General's draft ballot title pursuant to ORS 250.067(1). Petitioner filed this petition within 10 business days after the Attorney General certified the ballot title to the Secretary of State. Therefore, petitioner is entitled to petition this court seeking a different ballot title. ORS 250.085(2) and (3)(a). Petitioner's arguments before this court relate to the comments he submitted during the administrative comment period and to language added to the draft title after the comment period; thus, we consider those arguments. ORS 250.085(6).

The ballot title certified by the Attorney General provides:

"AMENDS CONSTITUTION:
PUBLIC EMPLOYEES NEED NOT
PAY UNION FAIR SHARE

"QUESTION: Shall constitution ban requiring public employees to join unions, pay dues or fair share, or have dues taken from wages?

"SUMMARY: Amends state constitution. Bans requiring public employees to join union or pay dues or fair share. Bans union security clauses. Bans taking public employee union dues from wages; union must collect dues straight from members. Requires public employee unions yearly to send 1-year membership forms with notice of option not to join. Union each year must tell members of all political use of dues. Members may opt not to pay part of dues used for such purposes, or to direct such contributions as they choose."

This court reviews ballot titles for "substantial compliance with the requirements of ORS 250.035 and 250.039." ORS 250.085(5). ORS 250.035(1)(a) requires that a ballot title contain a "caption of not more than 10 words which reasonably identifies the subject of the measure." ORS 250.035(1)(b) requires that a ballot title also contain a "question of not more than 20 words which plainly phrases the chief purpose of the measure." Finally, ORS 250.035(1)(c) requires that a ballot title contain a "concise and impartial

statement of not more than 85 words summarizing the measure and its major effect."[1]

■    Petitioner makes two arguments in this challenge. First, he argues that the use of the term "fair share" in the Caption does not reasonably identify the subject of the measure as required by ORS 250.035(1)(a) because "fair share" is a legal term that does not make clear to the voter the subject of the measure. Second, petitioner argues that the Question and the Summary fail to comply with ORS 250.035(1)(b) and (c) because they "impl[y] that compulsory union membership and dues payment are presently allowed and would be prevented only by a vote for this measure."

The measure proposes to add five new sections to Article IX of the Oregon Constitution. The proposed section 10 provides, in part:

"Notwithstanding any existing State or Federal laws, no public employee or applicant for a position with the state or any political subdivision of the state, shall be required, or in any way pressured, to join or otherwise be connected to, or pay dues, or contribute fair share, or pay fees or assessments to a public employee union, association, or similar organization."

Petitioner argues that "fair share," as it is used in the Caption, is a public labor law term.[2] As noted by petitioner, the term "fair share," apart from the statutory definition, ordinarily is linked to a subject. One might ask, "Fair share of what?" The obvious statutory answer is the employee's fair share of the cost of services for representation

---

[1] ORS 250.039 requires that a ballot title comply with a standard of readability designated by the Secretary of State. That provision is not at issue in this case.

[2] ORS 243.650(10) defines "fair-share agreement" to mean "an agreement between the public employer and the recognized or certified bargaining representative of public employees whereby employees who are not members of the employee organization are required to make an in-lieu-of-dues payment to an employee organization." ORS 243.650(16) defines "payment-in-lieu of dues" to mean "an assessment to defray the cost for services by the exclusive representative in negotiations and contract administration of all persons in an appropriate bargaining unit who are not members of the organization serving as exclusive representative of the employees."

The measure itself uses the term "fair share" and the term "fair share agreement," on one occasion each.

in labor-management negotiations and in contract administration. *See* ORS 243.650(10) and (16) (so indicating). Without some further explanation to that effect, however, the term "fair share" does not reasonably identify to the voter the subject of the measure.

The foregoing establishes that, as presently written, the Caption does not comply with the requirements of ORS 250.035(1)(a). That defect is easily remedied. The term "fair share" carries a statutory definition that will permit the substitution of words that do not depart from the meaning of the measure but carry a clearer message. With the foregoing discussion in mind, the Caption that we approve reads:

AMENDS CONSTITUTION:
PUBLIC EMPLOYEES NEED NOT SHARE
UNION REPRESENTATION COSTS

For the same reason, we have made conforming modifications to both the Question and the Summary. We now turn to petitioner's other argument.

■ Petitioner argues that the Question and the Summary do not comply with ORS 250.035 because they "give the unmistakable impression that public employees may now be compelled to join unions and compelled to pay dues." The argument is that both the First Amendment to the United States Constitution, as interpreted in *Abood v. Detroit Bd. of Education*, 431 US 209, 97 S Ct 1782, 52 L Ed 2d 261 (1977), and ORS 243.672(1)(c) already protect public employees from being compelled to join a union or pay union dues that are unrelated to collective bargaining or contract administration. Consequently, petitioner argues, the proposed constitutional amendment does not make any change in the law on that point.

The Attorney General correctly contends, however, that the measure would elevate the non-compulsion provision from a statute to the state constitution and would make explicit in the state constitution the federal constitutional prohibition on compulsory public employee union membership. Those changes are significant. Accordingly, on that point, the Question and Summary as certified substantially comply with ORS 250.035.

We certify the following ballot measure for the proposed initiative measure:

### AMENDS CONSTITUTION:
### PUBLIC EMPLOYEES NEED NOT SHARE
### UNION REPRESENTATION COSTS

QUESTION: Shall constitution ban requiring public employees to join unions, pay dues or representation costs, or have dues taken from wages?

SUMMARY: Amends state constitution. Bans requiring public employees to join union or pay dues or representation costs. Bans union security clauses. Bans taking public employee union dues from wages; union must collect dues straight from members. Requires public employee unions yearly to send 1-year membership forms with notice of option not to join. Union each year must tell members of all political use of dues. Members may opt not to pay part of dues used for such purposes, or to direct such contributions as they choose.

Ballot title certified as modified. This decision shall become effective pursuant to ORAP 11.30(9).