Argued and submitted May 11, ballot title certified as modified October 12, 1995

# Mary Celene GREENE,
*Petitioner,*

*v.*

# Theodore R. KULONGOSKI,
## Attorney General of the State of Oregon,
*Respondent.*

## (SC S42079)

903 P2d 366

George A. Riemer, General Counsel, Oregon State Bar, Lake Oswego, argued the cause for petitioner.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. Richard D. Wasserman, Assistant Attorney General, filed the Answering Memorandum. With him on the Memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Van Hoomissen, Fadeley, Unis, Graber, and Durham, Justices.*

DURHAM, J.

Unis, J., filed a dissenting opinion.

---

* Gillette, J., did not participate in this decision.

**DURHAM, J.**

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who submitted timely written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2) (1993). Petitioner's arguments restate those that she made to the Secretary of State during the administrative process. ORS 250.085(6). We modify the ballot title and certify it to the Secretary of State.

The measure in question would repeal four statutes that relate to the practice of law. The measure provides: "Be it Enacted by the People of the State of Oregon: Section 1. ORS 9.160-9.166 are repealed."

ORS 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar."

ORS 9.162 provides:

"As used in ORS 9.162 to 9.166 and 9.280, unless the context or subject matter requires otherwise:

"(1) 'Person' means a human being and where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality.

"(2) 'Restitution' means full, partial or nominal payment of pecuniary damages to a victim.

"(3) 'Victim' means any person who the court determines has suffered pecuniary damages as a result of any other person's violation of ORS 9.160."

ORS 9.164 provides:

"Upon written complaint of any person or upon its own initiative, the Board of Governors of the Oregon State Bar shall investigate any alleged violation of ORS 9.160."

ORS 9.166 provides:

"(1) If the board has reason to believe that a person is practicing law without a license, the board may maintain a suit for injunctive relief in the name of the Oregon State Bar against any person violating ORS 9.160. The court shall enjoin any person violating ORS 9.160 from practicing law without a license. Any person who has been so enjoined may be punished for contempt by the court issuing the injunction. An injunction may be issued without proof of actual damage sustained by any person. The court may also order restitution to any victim of any person violating ORS 9.160. The prevailing party may recover its costs and attorney fees in any suit for injunctive relief brought under this section in which the board is the plaintiff.

"(2) A person licensed under ORS 696.025 acting in the scope of the person's license to arrange a real estate transaction, including the sale, purchase, exchange, option or lease coupled with an option to purchase, lease for a term of one year or longer or rental of real property, is not engaged in the practice of law in violation of ORS 9.160."

The Attorney General certified the following ballot title for the measure to the Secretary of State:

"REPEALS STATUTES BANNING
UNLICENSED PRACTICE OF LAW

"QUESTION: Shall statutes banning unlicensed practice of law, and allowing Oregon State Bar to enforce ban, be repealed?

"SUMMARY: State statutes now forbid any person to practice law unless qualified as an active member of the Oregon State Bar. Current law directs the Bar to investigate allegations of the unlicensed practice of law. Also under current law, the Bar may sue to enjoin the unlicensed practice of law, and a court may hold a violator in contempt and order that person to pay restitution to a victim. The measure would repeal those provisions."

Petitioner argues that the Attorney General's certified ballot title does not comply substantially with ORS 250.035 or *former* 250.039.[1] She contends that the caption

---

[1] ORS 250.035 (1993) provided:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

fails to identify reasonably the subject of the measure, that the question fails to state clearly the chief purpose of the measure, that the summary fails to state the major effect of passage of the measure, and that all three portions of the ballot title fail the standard of minimum readability required by *former* ORS 250.039. To correct those asserted errors, she proposes the following ballot title:

"ALLOWS ANY PERSON TO PRACTICE
LAW WITHOUT A LICENSE

"QUESTION:   Should any person be allowed to practice law without a license?

"SUMMARY:   State law now requires people who practice law to be licensed. State law now also allows courts to prohibit people without a license from practicing law. This measure repeals the current law which permits only people who are licensed to practice law. It also repeals the current law which allows courts to prohibit people without a license from practicing law."

In response, the Attorney General argues that the certified caption, question, and summary substantially comply with ORS 250.035 (1993). He acknowledges, however, that the certified ballot title does not meet the standard of readability, *former* ORS 250.039, and invites this court to revise the certified ballot title as follows to meet that standard:

---

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect.

"(2) The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

*Former* ORS 250.039 provided:

"For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

The 1995 Legislature amended ORS 250.035, 250.085, and repealed ORS 250.039. Or Laws 1995, ch 534, §§ 1, 19. However, those changes do not apply to the ballot title in this case. *See* Or Laws 1995, ch 534, § 20 (act applies to initiative and referendum petitions for which a prospective petition is filed on or after effective date of act, *i.e.*, July 7, 1995). Because the prospective petition in this case was filed before the effective date of the act, the earlier versions of those statutes apply.

"REPEALS STATUTES BANNING PRACTICE
OF LAW BY PERSON WITHOUT LICENSE

"QUESTION: Shall measure repeal statutes banning law practice without license and allowing Oregon State Bar to sue to enforce that ban?

"SUMMARY: State statutes now forbid any person to practice law unless that person is an active member of the Oregon State Bar. The law now also directs the Bar to investigate the unlawful practice of law. Upon reason to believe that a person is practicing law without a license, the Bar now may sue to halt that practice. A court now may hold a violator in contempt and order that person to pay restitution to any victim. The measure would repeal these laws."

Hereafter, we will refer to that title as the Attorney General's revised ballot title.

"This court reviews ballot titles for 'substantial compliance with the requirements of ORS 250.035 and 250.039.' ORS 250.085(5). ORS 250.035(1)(a) requires that a ballot title contain a 'caption of not more than 10 words which reasonably identifies the subject of the measure.' ORS 250.035(1)(b) requires that a ballot title also contain a 'question of not more than 20 words which plainly phrases the chief purpose of the measure.' Finally, ORS 250.035(1)(c) requires that a ballot title contain a 'concise and impartial statement of not more than 85 words summarizing the measure and its major effect.'" *Crumpton v. Kulongoski*, 319 Or 82, 84-85, 873 P2d 314 (1994) (footnote omitted).

In addition, we review the readability of a ballot title in those cases in which *former* ORS 250.039 is applicable, and a party makes a readability challenge under that statute.[2]

1. *The Caption.*

Petitioner's criticism of the Attorney General's proposed caption focuses on the terms "repeal" and "banning." According to petitioner, those "double negatives" will confuse voters.

A caption satisfies the statutory requirement that it must "reasonably identify" a measure's subject if, within the 10-word limit, it states or describes the subject accurately

---

[2] This court no longer reviews the readability of a ballot title, because the legislature has repealed *former* ORS 250.039 (1993). Or Laws 1995, ch 534, § 19.

and in terms that will not confuse or mislead potential petition signers and voters. *See Feeney v. Roberts*, 309 Or 324, 327-28, 787 P2d 485 (1990) (applying principle, court modified caption, because the term "vote" obscured the measure's effect and made it difficult for voters to understand its subject); *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 174, 777 P2d 406 (1989) (term "protects" in caption does not reasonably identify the subject of the measure, because it may mislead voters to think that they are simply being asked to confirm the existing state of the law).

Avoiding confusing terminology in a caption is important. The caption is the cornerstone for the other portions of the ballot title. *See Baker v. Keisling*, 312 Or 385, 392, 822 P2d 1162 (1991) ("the question should build on, and be consistent with, the caption"). As the headline for the ballot title, it provides the context for the reader's consideration of the other information in the ballot title.

Petitioner contends that the term "repeals" in the certified caption is confusing and that *Reed v. Roberts*, 304 Or 649, 748 P2d 542 (1988), supports use of the term "allows," as in her proposed ballot title. In *Reed*, the petitioners challenged a ballot title for a measure that, like the instant measure, would have repealed ORS 9.160 and permitted unlicensed persons to practice law. The Attorney General certified a ballot title with the following caption:

> "ALLOWS PERSONS OTHER THAN BAR
> ASSOCIATION MEMBERS TO PRACTICE LAW"

304 Or at 652. Regarding the challenge to that caption, this court said:

> "The proposed measure concerns representation of litigants in court. Its import is to allow anyone to represent himself, herself or itself in an Oregon court. More precisely, the measure aims to repeal restrictions found in ORS 9.320, prohibiting corporations and the state from appearing in court without an attorney.

> "The measure goes further, however. Its subject also is the removal of any requirement for state bar membership to practice law in *or* out of court. The Attorney General correctly identified the subject and thus substantially complied with the statutory requirement. We, therefore, certify the following Caption, modified only to reflect that there is no state bar 'association':

"ALLOWS PERSONS OTHER THAN STATE
BAR MEMBERS TO PRACTICE LAW"

304 Or at 653-54 (emphasis in original).

Petitioner argues that *Reed* demonstrates that the verb "allows" accurately conveys the measure's subject — removing the statutory impediment to the unlicensed practice of law — without miring the reader in a potentially confusing description of the measure's procedural path to that objective. The Attorney General responds that the term "allows" does not accurately describe the subject of the measure, because the measure would not alter this court's statutory[3] and constitutional[4] authority over the practice of law in Oregon.

Although the risks to accuracy that the Attorney General now identifies were the same as in *Reed*, and *Reed* approved the term "allows" in this context, *Reed* did not *require* use of that verb to achieve substantial compliance with ORS 250.035. The term "repeals" accurately states the measure's operation on existing statutes and, standing alone, does not create a risk of voter confusion.

---

[3] The measure would not repeal ORS 9.220, which provides:

"An applicant for admission as attorney must apply to the Supreme Court and show that the applicant:

"(1) Is at least 18 years old, which proof may be made by the applicant's affidavit.

"(2)(a) Is a person of good moral character and fit to practice law.

"(b) For purposes of this section and ORS 9.025, 9.070, 9.110, 9.130, 9.210, 9.250, 9.527 and 9.545, the lack of 'good moral character' may be established by reference to acts or conduct that reflect moral turpitude or to acts or conduct which would cause a reasonable person to have substantial doubts about the individual's honesty, fairness and respect for the rights of others and for the laws of the state and the nation. The conduct or acts in question should be rationally connected to the applicant's fitness to practice law.

"(3) Has the requisite learning and ability, which must be shown by the examination of the applicant, by the judges or under their direction. However, no rule shall establish any maximum on the number of times an applicant may apply for and take the bar examination whenever presented if the reason for refusing admission to practice law is failure to pass the bar examination."

[4] *See SER Acocella v. Allen*, 288 Or 175, 180, 605 P2d 391 (1979) ("We have no doubt that Oregon courts have the inherent power to call upon members of the bar to represent an indigent defendant who has no other means of obtaining counsel."); *Sadler v. Oregon State Bar*, 275 Or 279, 285, 550 P2d 1218 (1976) ("legislation can affect the practice of law so long as it does not unduly burden or substantially interfere with the judiciary").

However, the Attorney General's certified caption uses, in close proximity, the terms "repeals," "banning," and "unlicensed" to describe the procedural operation of the measure on existing law. Each of those terms connotes a legal negation or prohibition. Because those negative terms appear so close together, the reader faces a difficult challenge to discern which negative term, or combination of those terms, conveys the measure's subject. The Attorney General's certified caption requires the reader to consider what unlawful conduct present law bans, what legal prohibition the measure repeals and, finally, what legal restrictions, if any, on the unlicensed practice of law would remain if voters approve the measure. By carefully considering the meaning and effect of the three negative terms in the Attorney General's certified caption, a lawyer may be able to determine the measure's subject, but we think that a lay reader probably will get lost along the way. The risk of voter confusion in the certified caption leads us to conclude that the certified caption does not comply substantially with ORS 250.035(1) (1993). We certify the following caption:

REPEALS STATUTES THAT NOW BAN
PRACTICING LAW WITHOUT A LICENSE

2. *The Question.*

In their discussion of the question, the parties restate their arguments, summarized above, about potential voter confusion. The Attorney General also criticizes petitioner's proposed question for failing to mention one of the measure's chief purposes, *i.e.*, repealing the Oregon State Bar's statutory authority to enforce the ban on the unlawful practice of law. The Attorney General asks this court to certify the question in accordance with his revised ballot title.

A measure's "chief purpose" is "the most significant aim or end which the measure is designed to bring about." *Nelson v. Roberts*, 309 Or 499, 504, 789 P2d 650 (1990). "To be of most help to the voter, the question should build on, and be consistent with, the caption." *Baker*, 312 Or at 392. The Attorney General's revised question refers to the measure's two chief purposes, but does not plainly phrase those purposes, because it carries the same risk of voter confusion that

we discussed above in connection with the caption. We modify the question to make it consistent with the caption:

QUESTION: Shall measure repeal statutes that now ban practicing law without license, and repeal State Bar's power to prevent unlicensed practice?

3. *The Summary.*

■ Petitioner argues that the Attorney General's certified summary fails to disclose that the measure would allow anyone to practice law and, further, that it violates the applicable standard of readability in *former* ORS 250.039. *See* note 1, above (quoting text of *former* ORS 250.039). The Attorney General responds that this court should certify the summary in his revised ballot title, because it adequately states the measure's major effects and meets the standard of readability.

■ The parties agree that, under *former* ORS 250.039, the Flesch Formula for Readability is the standard of minimum readability applicable to this ballot title.[5] The readability standard applies to the ballot title as a whole, not merely to its parts. The Attorney General's certified ballot title scores below 60 on the Flesch test. The Attorney General's revised ballot title scores above 60, but it does not use the allotted 85 words to describe the measure's major effect. We agree with petitioner that the summary should disclose clearly the measure's major effect, *i.e.*, it would repeal the statutes that now ban the unlicensed practice of law and, by doing so, would allow any person to practice law without a license. We also agree with the Attorney General that we should modify the certified title to improve its readability. The following summary identifies the measure's major effect

---

[5] *Former* OAR 165-14-045(2) provided:

"The Flesch Formula for Readability is designated as the test for readability of a ballot title. Attainment of a specified readability level shall be complied with to the fullest extent practicable, consistent with the needs of impartiality, conciseness and accuracy. A Reading Ease Score of not less than 60 is adopted as the standard of minimum readability for this test."

Our research discloses that the Secretary of State repealed that rule in 1994 and did not adopt another rule designating the test of readability and adopting a standard of minimum readability for a ballot title. The Attorney General advises us that the Department of Justice now calculates the Flesch score for ballot titles. Petitioner agrees that the Flesch test is the applicable test of readability and raises no challenge to the Secretary of State's compliance with *former* ORS 250.039.

within the 85-word limit and complies with the readability standard:

SUMMARY: State law now forbids any person to practice law unless that person is an active member of the Oregon State Bar. The law now also directs the Bar to investigate the unlawful practice of law. The Bar may now sue to halt the practice of law without a license. A court now may hold a violator in contempt and order that person to pay restitution to any victim. The measure would repeal those laws and thereby allow any person to practice law without a license.

We certify the following ballot title for use with the initiative measure:

REPEALS STATUTES THAT NOW BAN PRACTICING LAW WITHOUT A LICENSE

QUESTION: Shall measure repeal statutes that now ban practicing law without license, and repeal State Bar's power to prevent unlicensed practice?

SUMMARY: State law now forbids any person to practice law unless that person is an active member of the Oregon State Bar. The law now also directs the Bar to investigate the unlawful practice of law. The Bar may now sue to halt the practice of law without a license. A court now may hold a violator in contempt and order that person to pay restitution to any victim. The measure would repeal those laws and thereby allow any person to practice law without a license.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1993) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that statute violates the principle of separation of powers embodied in Article III, section 1, of the Oregon Constitution.

*Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.