On petition to review ballot title filed April 23, considered and under advisement May 21, ballot title referred to Attorney General for modification June 27, dismissed as moot July 23, 2008 (345 Or 160)

Jeana FRAZZINI,
Frank Dixon, Jann Carson
and Andrea Meyer,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S055933)

188 P3d 258

Margaret S. Olney, of Diamond, Smith & Olney, Portland, filed the petition for petitioners.

Rolf C. Moan, Assistant Attorney General, filed the answering memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DURHAM, J.

## DURHAM, J.

Petitioners challenge the Attorney General's certified ballot title for Initiative Petition 145 (2008) under ORS 250.085(2) (providing for judicial review of certified ballot title). This court reviews the certified ballot title for substantial compliance with statutory requirements. ORS 250.085(5). For the reasons discussed below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 145, if approved by the voters, would repeal certain statutes, or parts of statutes, that concern sexual orientation, although the exact scope of that repeal is in dispute. Because the proposed initiative measure is lengthy, we provide only a summary of its operative provisions here.

Initiative Petition 145 begins with the following statement:

> "Senate Bill 2 enacted by the 2007 Legislative Session, as Chapter 100 Oregon Laws 2007, is hereby repealed."

Senate Bill 2, to which the noted provision refers, bans discrimination against individuals in a number of contexts on the basis of sexual orientation.[1] Initiative Petition 145 then sets out a lengthy "Bill For An Act" that would amend numerous statutes that incorporate the phrase "sexual orientation" either as a prohibited ground for discrimination in a number of contexts or as part of various legislative authorizations for government action, such as rulemaking and the administration of certain advisory agencies and councils. The amendments that Initiative Petition 145 proposes would eliminate the phrase "sexual orientation" from those statutes. The proposed measure also specifies that its statutory amendments would apply to "all conduct, whether occurring before, on or after [the] effective date" of the proposed measure.

The Attorney General certified the following ballot title for the proposed measure:

---

[1] Like the parties, we refer to the statute that the proposed initiative would repeal as Senate Bill 2.

"REMOVES SEXUAL ORIENTATION FROM
STATUTES LISTING IMPERMISSIBILE
DISCRIMINATION GROUNDS; DELETES
OTHER SEXUAL-ORIENTATION-
RELATED PROVISIONS

"RESULT OF 'YES' VOTE: 'Yes' vote deletes references to sexual orientation from statutes listing impermissible grounds for discriminating against individuals; deletes other provisions related to sexual orientation or discrimination.

"RESULT OF 'NO' VOTE: 'No' vote retains references to sexual orientation in statutes listing impermissible grounds for discriminating against individuals; retains other provisions related to sexual orientation and discrimination.

"SUMMARY: Current statutes prohibit relying on a person's sexual orientation in, among others, the following contexts: restricting use of real property; refusing to sell, lease, or rent real property; providing access to public educational programs; restricting access to educational or recreational facilities in state institutions; limiting admission to public charter schools; hiring and compensating employees; recruiting, selecting, promoting state employees; expelling, excluding individuals from a labor organization; denying or limiting jury service opportunities; discriminating against a foster parent; discriminating against an adult foster home resident. Proposed measure deletes references to sexual orientation from statutes listing sexual orientation as an impermissible ground for discrimination. Deletes other statutory provisions related to sexual orientation, discrimination. Applies to all conduct occurring before, on, or after date of passage. Other provisions."

Petitioners take issue with the caption, the "yes" and "no" result statements, and the summary in the Attorney General's ballot title. We address each challenge below.

Regarding the caption, petitioners assert that the Attorney General's wording, and particularly the chosen syntax, is so confusing that it obscures rather than clarifies the subject matter of the proposed measure. According to petitioners, the Attorney General has employed an unclear technical description that does not disclose that the approval of

Initiative Petition 145 will remove the existing legal prohibitions on sexual orientation discrimination in employment, education, housing, and other areas and, consequently, will permit those forms of discrimination to take place. They assert that the Attorney General's phrase, "deletes other sexual-orientation-related provisions," introduces confusion by suggesting, inaccurately, that the proposed measure would eliminate other state laws that bear some relationship to sexual orientation, such as Oregon statutes regarding domestic partnership.[2] Finally, petitioners contend that the caption must disclose that the proposed measure retroactively would legalize discriminatory conduct that occurs while the prohibitions in Senate Bill 2 are in effect.

The Attorney General responds that the certified caption is not obscure or confusing and that it accurately identifies the proposed measure's subject matter: the removal of references to "sexual orientation" from multiple statutes that now incorporate that phrase. He also contends that the retroactivity or the effective date of the proposed measure is not part of its subject matter, and, in any event, is less significant here because it potentially would apply only to conduct occurring after January 1, 2008, the effective date of the statute that it would repeal, Senate Bill 2.

This court has stated:

"The caption must state or describe the proposed measure's subject matter 'accurately, and in terms that will not confuse or mislead potential petition signers and voters.' *Greene v. Kulongoski*, 322 Or 169, 174-75, 903 P2d 366 (1995). *Greene* also states:

" 'The caption is the cornerstone for the other portions of the ballot title. As the headline for the ballot title, it provides the context for the reader's consideration of the other information in the ballot title.'

"*Id.* at 175 (citation omitted).

---

[2] Oregon Laws 2007, chapter 99, section 1, took effect on January 1, 2008. The text of that act is compiled as a note following ORS 106.990. That 2008 act authorizes the creation of a domestic partnership between two individuals of the same sex who are at least 18 years of age, legally capable, and at least one of whom is a resident of Oregon. *Id.* § 3. Initiative Petition 145 does not modify or repeal any provision of the statute authorizing domestic partnerships.

> "Because of its importance to the entire ballot title, the caption must use terms that reasonably identify the proposed measure's subject matter and do not understate or overstate the scope of the legal changes that the proposed measure would enact."

*Kain/Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004). Recently, this court also explained that, in phrasing a ballot title to comply with statutory requirements, "the Attorney General may have to go beyond the words of a measure in order to give the voters accurate and neutral information about a proposed measure." *Caruthers v. Myers*, 344 Or 596, 600, 189 P3d 1 (2008); *see also Wolf v. Myers*, 343 Or 494, 503, 173 P3d 812 (2007) (using the words of the measure itself in the caption to describe subject matter "does not always result in an accurate description of the 'subject' of the measure[;]" Attorney General has "an obligation under ORS 250.035(2)(a) to inform voters, as part of describing the subject of the measure, about the elections to which the turnout requirement applies.").

■ When we view Initiative Petition 145 from a technical standpoint, we observe that the most significant impact of the proposed measure on existing law is the removal of the words "sexual orientation" from a long list of statutes that prohibit adverse action or discrimination against certain individuals in a number of settings, such as education and employment. The first clause of the Attorney General's caption refers to that deletion of existing statutory terms.

The function of the caption is to "reasonably identif[y] the subject matter" of the proposed measure in terms that will not confuse the voters. ORS 250.035(2)(a). The problem that we discern in the approach taken by the Attorney General is that describing a measure by its technical operation on existing statutes, through such terms as "amends," "repeals," or practical synonyms of such legal terms, may obscure, as it has in this case, the true sweep of the measure. Describing the deletion of words from certain statutes may reflect the literal terms of the proposed measure, but, as this case illustrates, that approach may not identify, in practical terms that voters likely will understand, the subject matter of the measure.

At present, Senate Bill 2 prohibits a number of adverse actions, differential treatments, and discriminatory acts against individuals on the basis of their sexual orientation. Those prohibitions now appear most often as parts of broader statutes that forbid discrimination for other reasons, such as an individual's race, sex, or religion. The main consequence of striking the phrase "sexual orientation" from those prohibited reasons for differential treatment or discrimination is to remove the existing statutory protections against discrimination on the basis of sexual orientation in each of the contexts in which Oregon law now prohibits it, together with the statutory remedies that now apply to that kind of discrimination.

The Attorney General stresses that Initiative Petition 145 does not expressly authorize discrimination on the basis of sexual orientation. We agree. It is for that reason that we do not agree fully with petitioners' arguments, including their contention that the ballot title is legally insufficient unless it states that the proposed measure "permits" a form of discrimination that current law prohibits. However, the identification of the proposed measure's subject matter in terms that will not confuse the voters must account for the practical consequence that is readily predictable from the measure's adoption. Taking that practical view here, the proposed measure's subject matter is the removal of existing statutory protections against discrimination based on sexual orientation and any accompanying remedies for that discrimination. It is that information that the Attorney General's ballot title caption fails to convey in an understandable way.

The Attorney General's caption for Initiative Petition 145 fails to identify the subject matter described above in a manner sufficient to satisfy ORS 250.035(2)(a). *See* ORS 250.085(5) (requiring substantial compliance with statutory requirements). Additionally, the certified caption uses six words ("Delete Other Sexual-Orientation-Related Provisions") that convey little or no practical information to voters about the subject matter. Those words are so indefinite that they imply, incorrectly, that the proposed measure will repeal other laws that are "sexual-orientation-related," including, for example, laws regarding domestic partnerships. We think that the Attorney General must describe the

proposed measure's subject matter without that confusion and possible overbreadth. As a result, the Attorney General must modify the caption on referral.

██ Petitioners assert similar challenges to the "yes" and "no" vote result statements and the summary. Those parts of the certified ballot title exhibit the same deficiencies that we have discussed above. We note in particular that the summary devotes approximately two-thirds of the available words to a lengthy but incomplete listing of existing laws, rather than the proposed measure and its major effects. That description fails to alert the reader to important areas of law to which current legal protections apply, including employment relations and public accommodations. That is a deficiency that the Attorney General must address on referral. For the reasons discussed above, we conclude that the result statements and summary do not comply substantially with statutory requirements.

Ballot title referred to Attorney General for modification.