Submitted on the record January 5, ballot title referred to Attorney General for modification January 26, ballot title certified February 10, 2006 (340 Or 107)

Larry WOLF,
Gail Rasmussen and Christina Coughlin,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S52884)

127 P3d 1159

Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the reply memorandum for petitioners.

Laura Anderson, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum was Hardy Myers, Attorney General.

BALMER, J.

**BALMER, J.**

This ballot title review proceeding, brought under ORS 250.085(2), concerns the Attorney General's certified ballot title for an initiative petition that the Secretary of State has denominated as Initiative Petition 68 (2006). Initiative Petition 68, if adopted, would require certain corporations described in the measure to disclose tax-related information to the Secretary of State, who would make that information available as a public record. That initiative petition is virtually identical to a companion measure, Initiative Petition 67 (2006), in all but one respect: Initiative Petition 67, in addition to other categories of corporations, applies to corporations that employ more than 50 full-time employees, while Initiative Petition 68 instead applies to corporations that employ more than 25 full-time employees.

In *Wolf v. Myers (S52883)*, 340 Or 20, 127 P3d 1160 (2006), we described the substantive provisions of Initiative Petition 67. That summary also accurately describes the proposed measure before us in this case with the one difference that we have noted above; we therefore do not repeat it here.

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title for Initiative Petition 68 and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). Petitioners' objections to the Attorney General's certified ballot title are substantively identical to the arguments that petitioners made respecting the Attorney General's certified ballot title for Initiative Petition 67. The Attorney General's responses also are substantively identical.

In *Wolf (S52883)*, we held that petitioners' challenges to the use of the word "confidential" in the ballot title caption and in the "yes" and "no" vote result statements for Initiative Petition 67 were well taken and that those portions of the ballot title therefore failed to meet the requirements of ORS 250.035(2)(a) to (c). We referred the ballot title to the

Attorney General to modify the caption and the "yes" and "no" vote result statements accordingly and to modify the summary if appropriate. For the reasons that we expressed in that opinion, we now hold that the Attorney General's ballot title for Initiative Petition 68 similarly is deficient. We therefore refer the ballot title to the Attorney General for modification.[1]

Ballot title referred to Attorney General for modification.

---

[1] In addition, the Attorney General concedes that he included a typographical error in the ballot title summary for Initiative Petition 68. The summary stated that the minimum annual sales required to trigger the reporting requirement for corporations that are not required to report by virtue of other provisions in the proposed measure was $1,000,000. That figure should have been $10,000,000. The summary should be modified to correct that error.