Submitted on the record January 5, ballot title referred to Attorney General for modification January 26, ballot title certified February 10, 2006 (340 Or 107)

Larry WOLF,
Gail Rasmussen and Christina Coughlin,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S52883)

127 P3d 1160

Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the reply memorandum for petitioners.

Laura Anderson, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum was Hardy Myers, Attorney General.

BALMER, J.

## BALMER, J.

This ballot title review proceeding, brought under ORS 250.085(2), concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 67 (2006). The proposed measure, if adopted, would require certain corporations described in the measure to disclose tax-related information to the Secretary of State, who would make that information available as a public record. Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who are entitled, therefore, to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). For the reasons that follow, we conclude that it does not, and we therefore refer the ballot title to the Attorney General for modification.

The proposed measure is set out in its entirety in the Appendix, and we briefly describe its substantive provisions here. The proposed measure would require certain corporations doing business in Oregon to submit an annual statement to the Secretary of State that contains financial information, including the corporation's federal taxable income, its Oregon tax liability, the assessed value of its real and personal property located in Oregon, and the apportionment of its taxes between Oregon and other jurisdictions. The Secretary of State would be required to maintain the statement as a public record and make it available on the Internet. The filing requirement would apply to all publicly traded corporations, financial corporations, insurers as defined in ORS 317.010, and corporations with more than 50 full-time employees or sales in excess of $10 million with the exception of personal service corporations.

The Attorney General certified the following ballot title:

"REQUIRES SPECIFIED BUSINESSES TO REPORT CONFIDENTIAL BUSINESS INFORMATION TO STATE FOR PUBLIC AND INTERNET DISCLOSURE

"RESULT OF 'YES' VOTE: 'Yes' vote requires specified businesses to compile and report currently confidential business information to Secretary of State for Internet publication and public inspection.

"RESULT OF 'NO' VOTE: 'No' vote rejects requirement that specified businesses compile and report confidential business information to Secretary of State; maintains current laws prohibiting disclosure of such information.

"SUMMARY: Current Oregon law prohibits disclosure of some income and property tax documents and information. Measure requires that designated businesses compile business information, including Oregon-apportioned income, expenses, and property; federal and Oregon taxable income; and Oregon income, excise, and property tax liability, and file that information with the Secretary of State for publication on the Internet and public access. Measure applies to corporations with more than fifty full-time employees or sales over $10,000,000 in past tax year, financial corporations, insurers, and publicly-traded corporations regardless of size; exempts 'personal service corporations' but does not define term. Measure requires Secretary to develop oversight and enforcement system; maintains limits on Department of Revenue's disclosure of information, and imposes deadline for filing statements. Other provisions."

Petitioners challenge each part of the certified ballot title although, as we describe below, their primary objection is to the Attorney General's use of the phrase "confidential business information" in the caption and the "yes" and "no" vote result statements.

ORS 250.035(2)(a) requires that the caption of a ballot title contain a statement of not more than 15 words "that reasonably identifies the subject matter of the state measure." The caption is the "cornerstone for the other portions of the ballot title" and must identify the proposed measure's subject matter in terms that will not "confuse or mislead potential petition signers and voters." *Mabon v. Myers*, 332 Or 633, 33 P3d 988 (2001).

■    Petitioners first argue that the phrase "confidential business information" is misleading and inaccurate and that the caption therefore fails to identify the subject matter of the proposed measure. In petitioners' view, the word "confidential" confusingly implies that the information requested is information to which no one other than the business or its employees ever is privy. Therefore, petitioners contend that the phrase "confidential business information" is likely to mislead voters to believe that the measure forces the disclosure of trade secrets and other proprietary information, not the tax information that the proposed measure actually requests. A proper caption, petitioners state, would refer directly to the tax-related information that the proposed measure would require businesses to disclose.

The Attorney General responds that the word "confidential" is appropriate because the essential subject of the measure is the disclosure of information, most of which would not have been subject to mandatory public disclosure absent the measure. The Attorney General also contends that the use of the word "confidential" is appropriate because the Oregon Public Records Law uses it in a similar context: ORS 192.502 exempts from disclosure as a public record "[i]nformation submitted to a public body in *confidence* and not otherwise required by law to be submitted, where such information should reasonably be considered *confidential*" and "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made *confidential* or privileged under Oregon law." ORS 192.504(4), (9) (emphasis added).

We agree with petitioners. The problem with the Attorney General's caption is twofold: The use of the phrase "confidential business information" is inaccurate, and the caption simply fails to "reasonably identif[y]" the "subject of the measure," ORS 250.035(2)(a), which, quite plainly, is the disclosure of information related to taxes paid by corporations and other entities doing business in Oregon. The adjective "confidential," used in conjunction with the broad noun "information," encompasses information that the proposed measure does not, in fact, seek to make public—including information that is primarily characterized by its confidential status, such as trade secrets—and fails accurately to

describe other information that the proposed measure would make public, such as the nonconfidential assessed value of Oregon real property. Moreover, the phrase "confidential business information" focuses the reader's attention on an ill-defined category of data, rather than on the specific tax and related financial information that, as noted, is the subject of the proposed measure. Thus, we conclude that the word "confidential" is likely to confuse or mislead potential petition signers and voters as to the content of the proposed measure.

Petitioners also argue that the proposed measure is inaccurate because the word "business" includes in its scope some entities that are not required to pay corporate income or excise taxes and that, therefore, Initiative Petition 67 does not address. We reject that argument because the adjective "specified" indicates that the measure does not target all businesses.[1]

Petitioners also argue that the caption's reference to "internet disclosure" is an "implementing detail" that should not appear in the caption. Petitioners do not contend that that reference is inaccurate or misleading, although they assert that it is not the "subject" of the measure. They argue that the words "internet disclosure" consume space that is scarce in a caption that is limited to 15 words. We agree that the reference to Internet disclosure is less important than other aspects of the measure, but we cannot say that the Attorney General must exclude it from the caption. The Attorney General will have the opportunity to modify the caption, as described above. If the modified caption otherwise accurately describes the subject of the measure, the Attorney General may include the words "internet disclosure" in the caption if that addition would not exceed the word limit.

ORS 250.035(2)(b) and (c) state that the "yes" and "no" vote result statements must describe, in "simple and understandable" terms, the "result" if the measure is accepted or rejected. The Attorney General's "yes" and "no"

---

[1] Petitioners further contend that the word "specified" "makes it sound like the measure targets specific businesses, rather than regulating a category of corporations that meet certain characteristics." Petitioners propose the term "certain" as a substitute. We see little difference between those terms in this context, and so we decline to instruct the Attorney General not to use the term "specified."

vote result statements, like the Attorney General's caption, contain the phrase "confidential business information" and suffer from the same defects that we identified in the caption. We therefore agree with petitioners that the "yes" and "no" vote result statements do not substantially comply with ORS 250.035(2)(b) and (c).

Finally, petitioners challenge the Attorney General's summary in several particulars and more generally on the ground that the measure "fails to clearly describe how the proposal works or the breadth of its impact." ORS 250.035(2)(d) requires that the summary be a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." This court has explained that the purpose of the summary is to "help voters understand what will happen if the measure is approved." *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 175, 777 P2d 406 (1989). We have considered petitioners' arguments in light of that purpose and conclude that they are not well taken. Nonetheless, for the reasons that we have described above, the Attorney General must make changes to the caption and to the "yes" and "no" vote result statements. Those changes may alter the calculus of what constitutes an appropriate summary, and the Attorney General has the authority to modify the summary, should he find it appropriate to do so. *See Mabon*, 332 Or at 640 (recognizing that authority).

In summary, we hold that the caption and the "yes" and "no" vote result statements of the Attorney General's certified ballot title do not substantially comply with the requirements set out in ORS 250.035(2)(a), (b), and (c). The ballot title must be referred to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that disposition).

Ballot title referred to Attorney General for modification.

# APPENDIX

## PROPOSED MEASURE

BE IT ENACTED BY THE PEOPLE OF OREGON

**Section 1.    STATEMENT OF NEED.** The People of Oregon find:

(1)    Corporations doing business in Oregon pay a lower tax rate on their profits than individuals and small businesses pay on their wages, earnings and other income.

(2)    Oregon lawmakers have given corporations doing business in Oregon a number of tax credits, deductions and other tax breaks that result in those corporations paying as little as $10 per year in Oregon income taxes and low property taxes.

(3)    Since 1990, corporations have been paying a decreasing share of taxes used to fund essential government services, including education (K-12 through higher education), public safety, senior services and health care.

(4)    Corporations doing business in Oregon do not have to publicly disclose information relating to their total taxable income in Oregon or the amount of taxes they have paid in Oregon.

(5)    Public disclosure of corporations' total taxable income in Oregon and the amount of taxes they have paid in Oregon will improve the ability of Oregon citizens to evaluate the fairness of state income tax policies and to hold lawmakers accountable for laws that reduce corporate taxes and thereby reduce revenue available to fund essential government services.

(6)    Based upon experience at the federal level, where publicly traded corporations must report their total taxable income and actual tax liability, there is no evidence of harm to the corporations of such disclosure.

## Section 2.   DISCLOSURE OF CORPORATE TAX PAYMENTS

(1)   The following corporations that are engaged in business in this state and that are required to file an excise or income tax return for purposes of ORS chapter 317 or 318, shall file with the Secretary of State the statement described in subsection (2) of this section:

   (a)   All publicly traded corporations.
   (b)   All financial corporations and insurers, both as defined in ORS 317.010.
   (c)   All corporations not described in paragraph (a) or (b) of this subsection having on the January 1 preceding a number of full-time employees in excess of 50, or for the period referred to in subsection(2)(b) of this section, sales in excess of $10,000,000.
   (d)   Personal service corporations shall be exempt from this disclosure requirement.

(2)   The statement shall be on a form prescribed by the Secretary of State and shall contain the following information:

   (a)   The name of the corporation, business activity code, type of corporation and the name of the registered agent to accept service.
   (b)   The state excise tax or income tax liability under ORS chapter 317 or 318 of the corporation for the tax year ending in the fiscal period beginning July 1 and ending June 30 immediately before the date the statement is required to be filed.
   (c)   The most recent assessed value of real and personal property located in Oregon and the gross assessed tax on that property.
   (d)   The corporation's business presence in Oregon, as reflected in the following apportionment factors:
      (A)   The amount and percentage of sales within and without Oregon that are allocated or apportioned to Oregon;
      (B)   The amount and percentage of payroll expenses within and without Oregon that are allocated or apportioned to Oregon;

(C) The amount and percentage of real and personal property within and without Oregon that is allocated or apportioned to Oregon.

(e) The apportionment factor used to calculate the corporation's taxable income in Oregon.

(f) Total taxable income allocated or apportioned to Oregon for the tax year described in paragraph (b) of this subsection.

(g) Total United States taxable income, as reported to the IRS for the tax period described in paragraph (b) of this section.

(3) For the fiscal year ending June 30, 2006, statements must be filed with the Secretary of State on or before March 15, 2007. Thereafter, the statement shall be filed at the same time as the corporations' state tax returns are filed, but no later than March 15 of the following year. If a corporation files an amended return, either on its own initiative or after an audit, the corporation shall file a revised statement under this section not later than 60 calendar days after the amended return is filed.

(4) The statements required by this section shall be maintained as public records in the office of the Secretary of State and shall be made available on the internet.

(5) The Secretary of State shall develop and implement an oversight and penalty system to ensure that corporations doing business in Oregon provide the required information in a timely and accurate manner.

(6) Nothing in this section permits disclosure to the Secretary of State, or any employee or agent of the Secretary of State, by the Department of Revenue or its employees of any information under ORS 314.835 that the department may not disclose.

**Section 3. Section captions.** The section captions used in this Act do not become part of the statutory law of this state.

**Section 4. Severability.** If any section of this Act is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, the remaining sections shall remain in full force and effect.